I concur in the majority decision and write separately to illustrate several points. If the sentencing court imposes the maximum authorized prison term for one offense, it must "make a finding" and "give [ ] its reasons" for selecting the maximum sentence. R.C. 2929.19 (B) (2) (d). In order to do this, the trial court must consider the entire record including a defendant's criminal history and not just confine itself to considering the indictment or the crime to which a defendant pleaded guilty.
In the present case, the trial court imposed the maximum sentence but only after considering defendant's criminal history and finding: (1) he committed the worst form of the offense because he committed the crime while on shock probation, (2) he had a greater likelihood of committing future crimes, (3) and he had been imprisoned on three prior occasions. In addition, the trial court commented that defendant's criminal acts constituting the fourth degree felony could also substantiate a second degree felony charge. Plus, defendant himself admitted in open court that he was guilty of a second degree felony, notwithstanding the fact that he pleaded guilty to an amended charge, burglary, a fourth degree felony. As a result, the trial court sentenced defendant to eighteen months, the maximum for a fourth degree felony.
My review of the record demonstrates the trial court did not commit reversible error and properly supported his imposition of the maximum sentence by considering the entire record including defendant's criminal background and the seriousness of the crime.